Filed 1/5/16  P. v. Romero CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064251 |
| v. | (Super.Ct.No. RIF1401463) |
| JESSE VINCENT ROMERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Jesse Vincent Romero appeals from an order denying his petition to reduce his second degree burglary (Pen. Code, § 459)[1] conviction to a misdemeanor pursuant to section 1170.18. We find no error and will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 26, 2014, defendant entered a bank with a stolen check in the amount of $1,800 he had altered to be made payable to himself. The victim confirmed she had written the check to someone else. When the bank employees became suspicious, defendant fled the bank leaving behind the check, as well as a photocopy of his driver's license.

On March 13, 2014, a felony complaint was filed charging defendant with second degree burglary (§ 459) and fraudulently attempting to cash a check in the amount of $1,800 (§ 476a). The complaint further alleged that defendant was out on bail at the time of the offenses pursuant to section 12022.1. The complaint also alleged that defendant had suffered five prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On June 9, 2014, pursuant to a negotiated plea agreement, defendant pled guilty to the second degree burglary charge and admitted that he had suffered the prior strike

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the police reports.

conviction. In return, the remaining allegations were dismissed and defendant was sentenced to 16 months in state prison, to run consecutively to terms imposed in his other pending cases.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or wobblers, unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On January 8, 2015, defendant filed a petition to reduce his felony second degree burglary conviction to a misdemeanor and for resentencing pursuant to section 1170.18.

On May 14, 2015, the People filed an opposition, arguing defendant was ineligible for resentencing because he was convicted of second degree burglary and not shoplifting.

On July 9, 2015, the trial court considered and denied defendant's petition, finding defendant did not satisfy the criteria under section 1170.18 because he had entered a bank and attempted to cash a fraudulent check in the amount of $1,800, the value of which exceeded $950. Defendant filed a timely notice of appeal from that order on August 24, 2015.

II

DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Proposition 47, which is codified in section 1170.18, makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). "Proposition 47 (1) added Chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).)

Proposition 47 reduced the penalties for a number of offenses. Among those crimes reduced are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in section 459.5. Shoplifting is now a misdemeanor, unless the

prosecution proves the value of the items stolen exceeds $950.  (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-891.)

"Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  (§ 1170.18, subd. (b).)"  (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

Here, as the trial court found, defendant entered a bank and attempted to cash a fraudulent check in the amount of $1,800, the value of which exceeded $950.  As such, defendant was ineligible for resentencing.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

6